UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ERVAL YOUNG & JILL YOUNG, | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 7:16-cv-00404-JHE |
| MAITAKE, INC., d/b/a MELLOW MUSHROOM and HOME-GROWN INDUSTRIES OF GEORGIA, INC. d/b/a MELLOW MUSHROOM, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant Home-Grown Industries of Georgia, Inc. d/b/a Mellow Mushroom ("HGIG") moves pursuant to Federal Rule of Civil Procedure 12(b) for an order dismissing all claims the plaintiffs assert against HGIG. (Doc. 9). HGIG also moves pursuant to 28 U.S.C. § 1404(b) to transfer this action from the Western Division of the Northern District of Alabama to the Southern Division of the Northern District of Alabama. (*Id.*). In response, the plaintiffs moved to dismiss all of its claims against HGIG without prejudice, but expressed their opposition to the § 1404(b) motion to transfer divisions. (Doc. 14). Thereafter, Defendant Maitake, Inc. d/b/a Mellow Mushroom ("Maitake") submitted a reply brief addressing the division transfer issue. (Doc. 15).

Because both the plaintiffs and HGIG agree dismissal is proper, the plaintiff's motion to dismiss all claims against HGIG without prejudice, (doc. 14), is **GRANTED**. To the extent HGIG's motion seeks the same, (*see* doc. 9), it is **GRANTED**. However, the request for divisional transfer pursuant to 28 U.S.C. §1404(b), (docs. 9 & 15), is **DENIED**.

Although Defendant Maitake did not formally join in HGIG's original motion to dismiss and to transfer this action to the Western Division, (doc. 9), Maitake raises the divisional transfer issue in its answer, (doc. 8 at ¶6), and submitted a reply to the plaintiffs' response. (Doc. 15). Therefore, the undersigned will address the divisional transfer issue.

### Transfer of Division Analysis

The parties outlined their positions in their Report of Parties' Planning Meeting as follows:

> Defendants contend that the above entitled action is improperly brought and pending in the Western Division of the Northern District of Alabama as the Defendants' principal place of business and the events giving rise to the Plaintiffs' claims are located in Shelby County, Alabama which is in the Southern Division of the Northern District of the Northern District of Alabama not the Western Division. Plaintiffs contend that they may select any division within the Northern District irrespective of where the defendants reside or where the subject accident occurred.

(Doc. 13 at ¶4(h).

This action was filed and is pending in the proper venue – the Northern District of Alabama. *See* 28 U.S.C. § 1391. Section 1391(b) provides as follows:

> A civil action may be brought in –
>
> (1) *a judicial district* in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) *a judicial district* in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; *or*
> (3) if there is no *district* in which an action may otherwise be brought as provided in this section, *any judicial district* in which any defendant is subject to the court's personal jurisdiction with respect to such action.

(emphasis added). Notably, § 1391 only addresses venue in the context of districts, not divisions. Therefore, because the plaintiffs filed this action in the Northern District of Alabama, where the defendant's principal place of business is located and where a substantial part of the

events or omissions giving rise to their claim occurred, venue is proper under § 1391(b). Although at one time there was "divisional venue" (governed by former 28 U.S.C. § 1393), "[w]hen 28 U.S.C. § 1393 was repealed effective February 17, 1989 by Public Law 100–702, the concept of divisional venue disappeared." *King v. CVS Caremark Corp.*, 2012 WL 3029909, No. 1:12-cv-1715-VEH, at *2 (N.D. Ala. July 20, 2012) (quoting *Bishop v. C & P. Trucking Co., Inc.*, 840 F. Supp. 118, 119 (N.D.Ala.1993)). Additionally, although "[t]he repeal of § 1393 does not abrogate local rules respecting divisional venue[,] . . . the Northern District of Alabama has not adopted any local rules respecting divisional venue." *Id.*

With respect to the division in which an action may proceed, § 1404(b) provides that "[u]pon motion . . . any action . . . may be transferred, in the discretion of the court, from the division in which it is pending to any other division in the same district . . . ." The plaintiffs concede the events giving rise to this litigation took place in Shelby County, which is located in the Southern Division, but argue that transfer is not warranted. (Doc. 14 at 2). The plaintiffs contend that this case will require very few witnesses and that their counsel is willing to travel to Shelby County to conduct necessary discovery and to accommodate any deponents or witnesses who reside there. (*Id.*). Additionally, the plaintiffs point out that Shelby and Tuscaloosa Counties neighbor one another, such that any difference in traveling between Shelby County and the Birmingham Courthouse, and Shelby County and the Tuscaloosa Courthouse is marginal. (*Id.*). Thus, the plaintiffs contend that keeping the action in the Western Division will not cause any real inconvenience on the defendant or potential witnesses and deponents. (*Id.*). Maitake does not directly respond to the plaintiff's argument, instead opting to continue to rely on its misplaced argument that the Southern Division is the only proper venue within the Northern District of Alabama. (Doc. 15 at 2-3 (citing 28 U.S.C. § 1391)). Section 1404(b) expressly

3

places the decision whether to transfer an action from one division to another within the discretion of the court. Because Maitake offers no argument to persuade the undersigned to transfer this action to the Southern Division, the plaintiff's arguments regarding the relative convenience of witnesses, the location of relative ease of access to sources of proof, the convenience of the parties, and the weight accorded it's choice of forum prevail, *see King*, 2012 WL 3029909 at *2, the motion to transfer pursuant to §1404(b) is **DENIED**.

## Conclusion

The plaintiff's motion to dismiss all claims against HGIG without prejudice, (doc. 14), is **GRANTED**. To the extent HGIG's motion seeks the same, (*see* doc. 9), it is **GRANTED**; however, the motion for divisional transfer pursuant to 28 U.S.C. §1404(b), (docs. 9), is **DENIED**.

DONE this 18th day of July 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE